T.C. Memo. 2017-190

UNITED STATES TAX COURT

WESTERN PROPERTY RESTORATION, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

MICHAEL B. SPRAGUE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 30207-14, 30229-14.            Filed September 26, 2017.

<u>Walter D. Channels</u>, for petitioners.

<u>Cassidy B. Collins</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  During the 2011 and 2012 tax years, Michael B.

Sprague was the sole shareholder of Western Property Restoration, Inc., a

subchapter C corporation.  These consolidated cases involve income-tax

deficiencies determined against Sprague and Western Property Restoration for

[*2] both years. We have jurisdiction to resolve the cases under section 6214(a). Unless otherwise indicated, all references to sections are to the Internal Revenue Code of 1986, as amended.

We hold: (1) Sprague received dividends from Western Property Restoration totaling $82,461 in 2011 and $102,507 in 2012 and (2) Western Property Restoration is liable for section 6662 penalties for 2011 and 2012.

## FINDINGS OF FACT

Sprague was the sole shareholder of Western Property Restoration during 2011 and 2012.

During 2011 Western Property Restoration made direct payments to Sprague totaling $107,500. It also paid $4,961 of Sprague's personal expenses.

During 2012 Western Property Restoration made direct payments to Sprague totaling $130,000. It also paid $5,007 of Sprague's personal expenses.

Western Property Restoration's federal-income-tax return for 2011 reported that it paid Sprague $30,000 in compensation. Sprague's federal-income-tax return for 2011 reported that he earned $30,000 in compensation. His return reported no dividends.

[*3]   Western Property Restoration's return for 2012 reported that it paid Sprague $32,500 in compensation.  Sprague's return for 2012 reported that he earned $32,500 in compensation.  His return reported no dividends.

Western Property Restoration's returns also reported the following items:

| Item | 2011 | 2012 |
|------|------|------|
| "Other" deductions | $74,739 | $93,007 |
| Advertising deduction | 15,751 | 19,662 |
| Rent-expense deduction | 9,000 | 16,399 |
| Cost of goods sold | 117,585 | 86,466 |

Additionally, for 2012 Western Property Restoration reported a net-operating-loss deduction of $41,486.

In September 2014 the Internal Revenue Service (IRS) mailed a notice of deficiency to Sprague determining deficiencies of $5,635 for 2011 and $3,841 for 2012.  The notice also determined section 6662 penalties of $1,127 for 2011 and $768.20 for 2012.  Among other adjustments, the notice determined that Sprague had received dividends from Western Property Restoration totaling $27,184.03 in 2011 and $19,578.55 in 2012.

In September 2014 the IRS mailed a notice of deficiency to Western Property Restoration determining deficiencies of $81,131 for 2011 and $87,117

[*4] for 2012. The notice also determined section 6662 penalties of $16,226.20 for 2011 and $17,423.40 for 2012. Among other adjustments, the notice disallowed portions of the amounts reported in each year for "[o]ther" deductions, advertising deductions, and cost of goods sold. The notice also disallowed the $41,486 net-operating-loss deduction that Western Property Restoration claimed on its 2012 return.

Sprague and Western Property Restoration filed timely petitions for redetermination of the deficiencies. At the time, Sprague resided in California; Western Property Restoration's principal place of business was also in California.

In December 2015 the IRS amended its answer to assert that Sprague received dividends of $82,616 for 2011 and $101,635 for 2012 and that he had deficiencies of $13,950 for 2011 and $13,704 for 2012.

Before trial, the parties resolved many of the issues through stipulations. They stipulated that the amounts reported by Western Property Restoration on its returns should be adjusted as follows:

[*5]

|  | Agreed-upon amount | |
| Item | 2011 | 2012 |
| "Other" deductions | $74,739 | $93,007 |
|  | −5,193 | −5,112 |
|  | 69,546 | 87,895 |
| Advertising deduction | 15,751 | 19,662 |
|  | −1,198 | −4,691 |
|  | 14,553 | 14,971 |
| Rent-expense deduction | 9,000 | 16,399 |
|  | −0 | −5,801 |
|  | 9,000 | 10,598 |
| Cost of goods sold | 117,585 | 86,466 |
|  | −45,000 | −59,187 |
|  | 72,585 | 27,279 |

They further stipulated that Western Property Restoration is not entitled to a net-operating-loss deduction for 2012.

The parties stipulated that of the $107,500 in direct payments that Western Property Restoration made to Sprague during 2011, Sprague correctly reported $30,000 as compensation. The parties stipulated that they disagree as to whether the remaining direct payments, amounting to $77,500, should be treated as dividends (the IRS's position) or a tax-free return of capital (Sprague's position). The stipulation did not resolve the tax treatment of Western Property Restoration's payment of $4,961 of Sprague's personal expenses in 2011.

**[*6]** The parties stipulated that of the $130,000 in direct payments that Western Property Restoration made to Sprague during 2012, Sprague correctly reported $32,500 as compensation. The parties stipulated that they disagree as to whether the remaining direct payments, amounting to $97,500, should be treated as dividends (the IRS's position) or a tax-free return of capital (Sprague's position). The stipulation did not resolve the tax treatment of Western Property Restoration's payment of $5,007 of Sprague's personal expenses in 2012.

In its opening brief, the IRS concedes that Sprague is not liable for section 6662 penalties. It continues to take the position that Western Property Restoration is liable for section 6662 penalties.

OPINION

1. Dividends earned by Sprague in 2011 and 2012

The tax treatment of a distribution of property made by a corporation to a shareholder with respect to its stock is set forth in section 301(c). Sec. 301(a). Section 301(c) provides: (1) the portion of the distribution which is a dividend is included in the shareholder's income, (2) the portion of the distribution which is not a dividend is applied against and reduces the adjusted basis of the stock, and (3) the portion of the distribution which is not a dividend, to the extent that it exceeds the adjusted basis of the stock, is treated as gain from the sale or exchange

[*7] of property. A dividend is defined by section 316(a) as a distribution of property by a corporation to its shareholders out of its earnings and profits. For this purpose, a distribution is considered to be made out of earnings and profits to the extent of earnings and profits. Id.

In his brief, Sprague concedes that the payment by Western Property Restoration of $4,961 of his personal expenses in 2011 constitutes a dividend. However, he contends that the $77,500 of noncompensation payments by Western Property Restoration to him are a tax-free return of capital. He does not dispute that for the 2011 tax year Western Property Restoration had earnings and profits at least equal to the distributions it made to him that year ($4,961 + $77,500 = $82,461). He argues that Western Property Restoration intended the $77,500 in payments to be distributions of capital rather than earnings. He also argues that Western Property Restoration recorded the distributions in its books as reductions to paid-in capital rather than as dividends.

A distribution to a shareholder is a dividend if it is made out of earnings and profits. Sec. 316(a). A distribution is made out of earnings and profits if earnings and profits is at least equal to the amount of the distribution. Id. Western Property Restoration's earnings and profits for the 2011 tax year was at least $82,461, the amount of the distributions it made during 2011. Therefore, the distributions

**[\*8]** totaling $82,461 are dividends within the meaning of section 316(a).  That Western Property Restoration intended the distributions to consist of returned capital is irrelevant.  See Boulware v. United States, 552 U.S. 421, 430-431 (2008).  It is also irrelevant that the company treated the distributions as returned capital on its books.  See id.

For 2012, Sprague's brief concedes that the payment by Western Property Restoration of $5,007 of his personal expenses constitutes a dividend.  He contends that the $97,500 in noncompensation payments made in 2012 should be treated as a tax-free return of capital for the same reasons he gives regarding the 2011 distributions.  He does not contest that Western Property Restoration's earnings and profits for the 2012 tax year was at least $102,507, the total amount of the distributions it made during 2012 ($102,507 = $97,500 + $5,007).  Therefore, the distributions of $102,507 are dividends.  See sec. 316(a).

Our determination of this dividend issue does not depend on the resolution of disputed facts.  Thus, we need not determine which party bears the burden of proof.  We hold that Sprague received $82,461 of dividends in 2011 and $102,507 of dividends in 2012.

**[*9]** 2.     Western Property Restoration's liability for section 6662 penalties for 2011 and 2012

Section 6662(a) and (b)(1) and (2) imposes an "accuracy-related penalty" of 20% of the portion of an underpayment of tax that is attributable to the taxpayer's negligence or disregard of rules or regulations or that is attributable to any substantial understatement of income tax. The IRS determined that for the tax years 2011 and 2012 Western Property Restoration is liable for accuracy-related penalties for underpayments attributable to negligence or substantial understatements of income tax.

Negligence includes the failure to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 1.6662-3(b)(1), Income Tax Regs. Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Id. Western Property Restoration exhibited a lack of ordinary and reasonable care in: (1) improperly claiming cost-of-goods-sold allowances for both years, (2) improperly claiming "[o]ther" deductions and advertising deductions for both years, (3) improperly claiming a net-operating-loss deduction for 2012, and (4) not maintaining adequate books or records to substantiate the allowances and the deductions. It was negligent with respect to the underpayments for 2011 and 2012.

**[\*10]**  Alternatively, each annual understatement of income tax on Western Property Restoration's returns is substantial (and each underpayment is attributable to a substantial understatement of income tax) if the understatement exceeds "the lesser of--(i) 10 percent of the tax required to be shown on the return for the taxable year (or, if greater, $10,000), or (ii) $10,000,000." See sec. 6662(d)(1)(B).  Whether the understatements are substantial will be determined by post-opinion computations under Tax Court Rule of Practice and Procedure 155.[1]

Under section 6664(c)(1), a taxpayer who is otherwise liable for the accuracy-related penalty may avoid the liability by showing "that there was a reasonable cause" for the underpayment and that the taxpayer "acted in good faith with respect to" the underpayment.  Western Property Restoration notes that a certified public accountant (CPA) reviewed its books and records and aided in the preparation of its tax returns.  It is not a defense to the accuracy-related penalty merely that a return was prepared by a CPA, as "the mere fact that a certified public accountant has prepared a tax return does not mean that he or she has opined on any or all of the items reported therein." Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 100 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

---

[1]The penalty applies only once to a portion of an underpayment, even if that portion is attributable to both negligence and a substantial understatement of income tax.  See sec. 1.6662-2(c), Income Tax Regs.

**[*11]** There is no evidence that the CPA or any other tax professional advised Western Property Restoration regarding any of the positions taken on its tax returns. Therefore, Western Property Restoration has no reasonable cause and is liable for accuracy-related penalties.

To reflect the foregoing,

<u>Decisions will be entered under Tax Court Rule of Practice and Procedure 155</u>.